# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **SHIRLEY ANN BUTLER,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | Civil Action No. 3:07-CV-643-M (BH) | |
| v. § | | |
| § | | |
| **CITY OF DALLAS,** § | | |
| § | | |
| **Defendants.** § | Pretrial Management | |

## ORDER

Pursuant to Special Order No. 3-251, this case was referred to this Court for pretrial management, including the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendations to the District Court on dispositive motions.

On April 13, 2007, Plaintiff filed the instant *pro se* action against the defendant and paid the filing fee. By *Order* dated April 23, 2007, this Court reminded Plaintiff that she was responsible for effecting service on Defendant within 120 days of the filing of the complaint. The *Order* specifically advised Plaintiff that the Court could dismiss this action for failure to effect service in accordance with Rule 4(m). It also directed the Clerk of the Court to send a summons form and a copy of Fed. R. Civ. P. 4 to Plaintiff.

On August 13, 2007, this Court issued an *Order* directing Plaintiff to show cause for her failure to file a valid return of service on Defendant, as required by Rule 4(m). The *Order* expressly stated that if Plaintiff failed to comply with its terms by filing a valid return of service as to Defendant or showing good cause in writing why service could not be made, this Court would recommend to the District Court that this action be dismissed for failure to prosecute without further notice.

On August 17, 2007, Plaintiff filed correspondence as well as a *Motion to Amend Pleading*

*For Relief Under Rule 8(a)*[1] wherein she appears to restate her claims against the defendant. However, she has filed no valid return of service to indicate that she has properly served the defendant, and nothing to show why she has failed to do so.

Proper service must be made within 120 days of filing a complaint or the action is subject to *sua sponte* dismissal, without prejudice. FED.R.CIV.P. 4(m). However, dismissal is not proper "if the plaintiff shows good cause for the failure" to properly effect service and a court should extend the time to serve the defendant. *Id.* The plaintiff bears the burden of showing good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. U.S.*, 9 F.3d 344, 345 (5th Cir. 1993)). A plaintiff also may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed. *Hickman v. U.G. Lively,* 897 F.Supp. 955, 959 (S.D. Tex. 1995) (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

In the instant matter, Plaintiff has not complied with FED. R. CIV. P. 4(m) and Local Civil Rule 4.1 by filing valid proof of service on the Defendant despite the Court's admonishments in its orders of April 23, 2007, and August 13, 2007. Accordingly, Plaintiff's claims against Defendant should be dismissed without prejudice, pursuant to FED. R. CIV. P. 4(m).

It is therefore **RECOMMENDED** that all claims and causes of action asserted against

---

[1] Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff may amend her complaint once as a matter of course at any time before a responsive pleading is served. Accordingly, Plaintiff may file her amended complaint without leave of court. However, amendment of her complaint does not cure her failure to serve.

Defendant be **DISMISSED** without prejudice to the refiling of same.

**SO RECOMMENDED**, this 27th day of August, 2007.

IRMA CARRILLO RAMIREZ  
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ  
UNITED STATES MAGISTRATE JUDGE